```
                    FILED          RECEIVED
                    ENTERED        SERVED ON
                          COUNSEL/PARTIES OF RECORD

                        APR 2 0 2016

                   CLERK US DISTRICT COURT
                     DISTRICT OF NEVADA
           BY:                              DEPUTY
```

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 3:16-cr-00016-HDM-WGC |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| STEVEN EUGENE FORD, | ) | |
| aka Job Ford, | ) | |
| aka Eleazar Melchizedek, | ) | |
| | ) | |
| Defendant. | ) | |

The Defendant, STEVEN EUGENE FORD, aka Job Ford, aka Eleazar Melchizedek, was charged by indictment in violations of 18 U.S.C. § 871(a), making a threat against the President of the United States (Count 1) and 18 U.S.C. § 875(c), interstate communication of a threat (Count 2).

On April 8, 2016, the government filed a motion for an examination to determine the Defendant's competency to stand trial (#16). The court conducted a hearing on the motion on April 20, 2016. At the hearing, the defendant moved to join the motion for an examination.

**IT IS HEREBY ORDERED** that in accordance with 18 U.S.C. § 4241 and

1

1 § 4247, and under the inherent powers of the court to order such
2 examination, the United States Marshal Service shall transport STEVEN
3 EUGENE FORD, Defendant herein, to a suitable Federal Medical Facility
4 closest to the court, designated by the U.S. Bureau of Prisons, in
5 order to determine if Defendant currently suffers from a mental
6 disease or defect rendering him mentally incompetent to the extent
7 that he is unable to understand the nature and consequences of the
8 proceedings filed against him or assist an attorney in his own
9 defense.

10    This court has authority to order a psychiatric or psychological
11 examination of Defendant to determine whether Defendant currently
12 suffers from a mental disease or defect rendering him mentally
13 incompetent to stand trial at this time. *See* 18 U.S.C. § 4241(b).

14    **IT IS FURTHER ORDERED** that Defendant shall be held in said
15 facility for a reasonable period of time, not to exceed (30) days from
16 the date of his placement in the facility, unless extended by further
17 order of the court upon application of the Director of the said
18 facility, or pursuant to other appropriate motion, or upon order
19 entered by the court, *sua sponte*, for a period of up to fifteen (15)
20 additional days pursuant to 18 U.S.C. § 4247(b).

21    **IT IS FURTHER ORDERED** that, when Defendant has completed the
22 examination, and his presence is no longer required at the medical
23 facility, he shall be transported forthwith back to the District of
24 Nevada.

25    **IT IS FURTHER ORDERED** that the examination conducted pursuant to
26 this Order be by one or more licensed or certified psychiatrists or
27 psychologists pursuant to 18 U.S.C. § 4247(b).

28    **IT IS FURTHER ORDERED** that within twenty-five (25) days from the

2

date of his placement in the facility, or such additional period as may be ordered by the Court, the Director of the said facility at which the examination has been conducted shall prepare, or cause to be prepared, a psychiatric or psychological report of Defendant and that he shall send copies of such psychiatric or psychological report to the Clerk of the United States District Court for the District of Nevada, to Brian Sullivan, Assistant United States Attorney, and to Biray Dogan, counsel for Defendant FORD pursuant to 18 U.S.C. § 4241(b) and § 4247(b) and (c).

**IT IS FURTHER ORDERED** that the said report prepared pursuant to 18 U.S.C. § 17, § 4241(b), and §4247(b) and (c) as per this Order shall include:

    (1)   Defendant's history and present symptoms;

    (2)   A description of the psychiatric, psychological or medical tests that were employed and their results;

    (3)   The examiner's findings;

    (4)   The examiner's opinions as to diagnosis, prognosis; and

    (5)   The examiner's opinions as to whether the Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings filed against him or assist his attorney in his own defense. Thus, rendering him incompetent to stand trial at this time.

. . .

. . .

. . .

. . .

3

The court finds that the period of time required by the above-described psychiatric or psychological examination of Defendant, and the court's determination of Defendant's competency to go forward with trial, is excludable time under the Speedy Trial Act, Title 18, United States Code, Section 3161(h)(1)(A).   Therefore, the current Calendar Call and Trial date shall be vacated.

IT IS SO ORDERED.

DATED: This 20th day of April, 2016.

UNITED STATES DISTRICT JUDGE